UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE KOELTL

06 CV Civ. 7009

------------------------------------------------------------ x

FOULA BOFOS,

                Plaintiff,

     -against-

SQUEEZE AND MARAN, INC.,

              Defendants.

------------------------------------------------------------ x

    :
    :
    :   COMPLAINT
    :
    :
    :
    :   PLAINTIFF DEMANDS
    :   TRIAL BY JURY

Plaintiff, Foula Bofos, by her attorneys, Liddle & Robinson, L.L.P., for her Complaint against Squeeze and Maran, Inc. ("Defendants," "Squeeze," or "Maran") allege the following:

RECEIVED
SEP 1 2 2006
U.S.D.C. S.D. N.Y.
CASHIERS

## THE PARTIES

1.    Plaintiff Foula Bofos was born on February 26, 1954, and presently resides at 6909 7th Avenue, Brooklyn, New York 11228. Ms. Bofos was hired by Defendant Squeeze in or around June 29, 1999 as an Associate Designer. Ms. Bofos was promoted to Designer in 2002 and maintained this position until her employment was terminated on June 3, 2005.

2.    Upon information and belief, Defendants maintain an office and showroom at 1407 Broadway, Suite No. 1001, New York, New York 10018, where Ms. Bofos worked, and an office and warehouse at 4301-4315 Tonnelle Avenue, North Bergen, New Jersey, 07047.

3.     Upon information and belief, Squeeze is a subsidiary of Maran, Inc., and is also the brand name of the apparel. Defendants import, design, produce and sell trendy apparel to retailers, and primarily target teenagers.

## THE NATURE OF THE ACTION

This is a civil action for damages and remedies brought under (1) the Age Discrimination in Employment Act ("ADEA"); (2) Age Discrimination under the New York State Human Rights Law; and (3) Age Discrimination under the New York City Human Rights Law. Specifically, Defendants discriminated against Ms. Bofos because of her age.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Ms. Bofos seeks over $75,000 in damages.

5.     Ms. Boula filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 15, 2005.

6.     On or about June 16, 2006, the EEOC issued a Dismissal and Notice of Right to Sue to Ms. Bofos.

7.      Plaintiff served copies of this Complaint upon the New York City Commission on Human Rights and the New York City Corporation Counsel before filing this complaint in the United States District Court.

8.      Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in the Southern District of New York.

## FACTS

Ms. Bofos Begins
Working for Defendants in 1999

9.      In June 1999, a Squeeze Sales Manager, Howard Jacobs, who was also a former colleague of Ms. Bofos at Zana-Di, recruited Ms. Bofos and Stephen Hardy, her supervisor at Zana-Di.

10.     On or about June 29, 1999, Defendants hired Ms. Bofos as an Associate Designer and agreed to pay her a base salary of $62,000 and an annual bonus worth two weeks of Ms. Bofos' salary.  Ms. Bofos' salary incrementally increased each year through her termination, at which point she earned $70,000 plus two weeks of her salary annually.

11.     Ms. Bofos would continue to report to Mr. Hardy as she had at Zana-Di.

Ms. Bofos Remained Qualified for her Position, And
Contributed to Defendants' Increase in Profits During her Tenure

12.     While employed by Squeeze, Ms. Bofos was qualified for her position and
performed her duties in a professional and competent manner.  She graduated from the Fashion
Institute of Technology in 1974 and thereafter was employed by Liz Claiborne, Tahari, Evelyn
Dejonge, Clyde Sportswear, Bentex, Jou Jou, Ultrapink, and Zana-Di.  Ms. Bofos' experience
and success in the industry was superior to most of her colleagues at Squeeze.

13.     When recruiting Ms. Bofos and Mr. Hardy, Mr. Jacobs represented to
them that Squeeze's revenues had been suffering because its product line was not meeting its
teenage market's requirements, in terms of design and fit. Accordingly, from the inception of
their employment, Ms. Bofos and Mr. Hardy set out to revamp the product line at Squeeze to
more effectively target the company's teenage audience.

14.     Upon information and belief, as a result of Ms. Bofos' and Mr. Hardy's
efforts, the annual sales increased from approximately $40 million to $130 million over the
course of Ms. Bofos' tenure.  Further, Ms. Bofos' extensive technical knowledge enabled
Defendants to increase sales to certain companies such as Wal-Mart, Faded Glory, Charming
Shoppes (Plus and Missy), and Saks, amongst others.

15.     In May 2000, Ms. Bofos, Mr. Hardy, and David Greenberg, President of
Squeeze, traveled to Defendants' Hong Kong office.  Mr. Greenberg commended Ms. Bofos
repeatedly for her contributions to the success of this visit.

4

16.     In April 2002, Ms. Bofos was promoted from Associate Designer to Designer.

17.     In or around the summer of 2002, Defendants offered to promote Ms. Bofos to Design Director. However, Ms. Bofos declined this promotion due to her loyalty to Mr. Hardy, as for many years he had been her direct supervisor, and they worked well as a team.

18.     In December 2002, at Squeeze's holiday party, Ms. Bofos received professional recognition and a $2000 reward honoring her success at Squeeze. Mr. Greenberg described Ms. Bofos as an asset to the company.

Defendants Harass and Discriminate
Against Ms. Bofos Based on her Age

19.     Beginning in early 2003, Defendants discriminated against Ms. Bofos based on her age and tried for the next two and half years to force Ms. Bofos to abandon her position by constant mistreatment, pressure, threats and harassment. When their efforts failed, Squeeze terminated Ms. Bofos' employment because of her age.

20.     Defendants' mistreatment of Ms. Bofos began at or around the time that Ms. Lippman, a Sales Representative and Merchandiser, hired Angela DaFonsesca (early thirties) in January 2003, as a Design Director. Ms. Lippman and Ms. DaFonsesca had previously worked together at another company.

21.     At or around the beginning of 2003, Squeeze only hired employees for the design department under the age of thirty-five such as: (1) Luciana Rodriguez (early twenties), (2) Catherine Vo (early thirties), (3) Michelle Michaels (early thirties), (4) Lindsay Totolo (early twenties), (5) Ana Piore (late twenties), (6) Alexa Gellar (early twenties), (7) Orindava Mumsford (late twenties), (8) Christine Evans (early thirties), (9) Shanna Herrera (early twenties), (10) Nicole Oliveri (early twenties), (11) Victoria Tolbert (early thirties), (12) Ms. DaFonsesca, and (13) Patricia Reynoso (late twenties). Further, at that time, all of the designers were under the age of thirty-five.

22.     In or around July 2003, Ms. Bofos began reporting to Ms. DaFonsesca.

23.     In August 2003, Ms. Lippman accused Ms. Bofos of being deaf, ridiculing her in front of Mr. Greenberg and a production manager, Ricky Ramnani. Mr. Greenberg then suggested that Ms. Lippman write down what she intended to communicate to Ms. Bofos so that she could understand. Ms. Lippman's comment was in effect an attack on Ms. Bofos as a result of her age, as she was clearly not deaf.

24.     In October 2003, Ms. DaFonsesca threatened Ms. Bofos that Defendants would terminate her for insubordination. In this meeting, Ms. DaFonscca also inaccurately and maliciously blamed Ms. Bofos for the departures of several employees, including Ms. Bofos' assistant, Enelis Urena, and an Associate Designer, Jenny Kim.

25.     At or around January 2004, Defendant began to exclude Ms. Bofos from various staff meetings, and this continued through her termination.

26.     At or around the beginning of 2004, Ms. Bofos began to experience panic attacks due to Defendant's mistreatment of her and the stress this created. Ms. Bofos continues to suffer from panic attacks.

27.     In August 2004, Rory Nichols, a Sales Manager, who was thirty-five years-old or younger at the time, stated to Ms. Bofos: (1) she should color her gray hair; (2) "if you talk down to your assistant, Luciana Rodriquez, I will throw you out the window"; and (3) "do you *even* know who Gwen Stefani [a pop singer] is?" Also around this time, other employees told Ms. Bofos that she should (1) change her wardrobe, (2) enter the 21st century; and (3) go back to Greece.

28.     In August 2004, Defendant began to assign Ms. Bofos more work than Ms. Bofos or any person similarly situated could reasonably manage in the period of time allotted. Accordingly, Ms. Bofos asked Ms. Lippman for a full-time assistant which Ms. Lippman immediately declined and rather, told Ms. Bofos to "change your attitude." Only several months later, when another Associate Designer, Kalpana Reddy (early thirties), asked Ms. Lippman for an assistant, Ms. Lippman hired a full-time assistant and also allowed the Associate Designer to use Ms. Bofos' part-time assistant.

29.     Upon information and belief, in October 2004, Ms. DeFonsesca told Ms. Reddy that Ms. Bofos was no longer needed because of her age (at the time Ms. Bofos was 50 years-old), and it would benefit Squeeze to hire someone as young as Ms. Bofos' assistant, Lucina Rodriguez, who was 25-years-old at the time, to fill Ms. Bofos' position.

30.     In February 2005, Mr. Greenberg told Ms. Bofos' 25-year-old assistant, "you know what teenagers want," while Ms. Bofos was present, discriminating against Ms. Bofos because of her age.

31.     Ms. Lippman threatened to fire Ms. Bofos for being too creative in or around April 2005. Soon after Mr. Greenberg transferred Ms. Lippman to another department and Sarah Sanchez (mid-thirties) became Ms. Bofos' supervisor.

32.     Ms. Sanchez instructed Ms. Bofos to learn the computer program called the "Illustrator," which is used to draw designs on the computer. Accordingly, Ms. Bofos arranged to take lessons on several different occasions with a Squeeze representative assigned to train other employees. However, this assigned representative cancelled the several scheduled lessons and despite this, Ms. Bofos was reprimanded by Ms. Sanchez.

33.     On June 3, 2005, Mr. Greenberg terminated Ms. Bofos' employment, effective immediately. Mr. Greenberg's explanation to Ms. Bofos was that "it isn't working out."

34.    All of the designers that were employed by Squeeze at the time of Ms. Bofos' termination were thirty-five years-old or younger.

35.    Squeeze divided Ms. Bofos' responsibilities and delegated them to several younger employees, including Ms. Urena (24 years-old), Ms. Vo (early thirties), Marissa Perrotta (under 30 years-old), and Betsy Carlos (early thirties).

## FIRST CAUSE OF ACTION

### (Age Discrimination Under the ADEA)

36.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 though 35 as if separately set forth herein.

37.    At all relevant times, plaintiff was an "employee" of Squeeze under 29 U.S.C. § 630(f) of the ADEA.

38.    Squeeze is an "employer" subject to the provisions of the ADEA under 29 U.S.C. §630(b).

39.    By its actions detailed above, Squeeze has unlawfully discriminated against plaintiff on the basis of her age in violation of the ADEA.

40.    As a result of the discrimination described above, plaintiff has suffered a substantial loss of earnings and benefits and will continue to suffer such losses in the future.

Accordingly, Squeeze is liable to plaintiff for both back pay and front pay in amounts as yet undetermined, plus attorneys' fees, prejudgment interest and costs.

41.    Squeeze's conduct in discriminating against plaintiff on the basis of her age was willful, entitling Ms. Bofos to an additional sum of liquidated damages pursuant to 29 U.S.C. § 626(b).

## SECOND CAUSE OF ACTION

(Age Discrimination Under
the New York State Human Rights Law)

42.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 42 as if separately set forth herein.

43.    At all relevant times, plaintiff was an "employee" for purposes of § 296 of the New York State Human Rights Law.

44.    Defendant is an "employers" for purposes of § 292 of the New York State Human Rights Law.

45.    By its actions detailed above, Defendant has unlawfully discriminated against plaintiff on the basis of her age and gender in violation of Section 296 of the New York State Human Rights law.

46. As a result of the willful discrimination described above, plaintiff suffered substantial loss of earnings and benefits, and she will continue to do so in the future. Accordingly, Defendant is liable to plaintiff for both back pay and front pay in an amount as yet undetermined, mental and emotional anguish, plus interest and costs.

## THIRD CAUSE OF ACTION

(Age Discrimination Under
the New York City Human Rights Law)

47. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 46 as if separately set forth herein.

48. Plaintiff is a "person" under § 8-102(1) of the New York City Human Rights Law.

49. Defendant is an "employer" subject to the provisions of the New York City Human Rights Law under § 8-102(5) of the Administrative Code.

50. By its actions detailed above, Defendant has unlawfully discriminated against plaintiff on the basis of her age in violation of the New York City Human Rights Law.

51. As a result of the discrimination described above, plaintiff has suffered substantial damages, including emotional distress and mental anguish, in an amount to be determined at trial.

11

52.     Defendant's actions described above constitute discrimination against plaintiff on the basis of her age and were taken with reckless indifference to Ms. Bofos' rights, entitling her to punitive damages under the New York City Human Rights Law.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A.     On the First Cause of Action for violation of ADEA, back pay and front pay in an amount to be determined at trial, attorneys' fees, costs, prejudgment interest and liquidated damages;

B.     On the Second Cause of Action for violation of the New York State Human Rights Law, back pay and front pay in an amount to be determined at trial, and damages resulting from Plaintiff's mental and emotional anguish, plus interest and costs;

C.     On the Third Cause of Action for violation of the New York City Human Rights Law, damages in an amount to be determined at trial, and damages resulting from Plaintiff's mental and emotional anguish, plus punitive damages, interest and costs;

D.      All such other and further relief as this Court deems just and proper.


Dated:  New York, New York
        September 12, 2006


                                    LIDDLE & ROBINSON, L.L.P.


                                    By: _____
                                            James A. Batson (JB 2716)
                                        Attorneys for Plaintiff
                                        800 Third Avenue
                                        New York, New York 10022
                                        (212) 687-8500

13